Filed 11/6/14  P. v. Hicks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C069818 |
| Plaintiff and Respondent, | (Super. Ct. No. SF112963B) |
| v. | |
| DJUANE HICKS, | |
| Defendant and Appellant. | |

Defendant Djuane Hicks pleaded no contest to voluntary manslaughter (Pen. Code, § 192)[1] and transportation of cocaine base (Health & Saf. Code, § 11352) with an enhancement for a principal being armed (§ 12022, subd. (a)(1)).  The trial court imposed a stipulated term of eight years four months in state prison, and awarded 654 days of presentence credit (569 actual and 85 conduct).

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

On appeal, defendant contends his conduct credits for presentence custody in juvenile hall were erroneously limited to 15 percent pursuant to section 2933.1. He also contends that various fines and fees should be stricken.

We modify the fines and fees and affirm the judgment as modified.

## DISCUSSION

### I. Conduct Credits – Section 2933.1

#### A. Procedural Background[2]

The trial court found defendant spent 569 days in presentence custody. According to the probation report, defendant was held in juvenile hall for 259 days. At sentencing, defense counsel asked the trial court not to apply the section 2933.1 limitation on custody credits to the time spent in juvenile hall. The trial court declined the request, and imposed the 15 percent limitation in section 2933.1 on the entirety of defendant's presentence custody.

#### B. Analysis

Defendant contends he is entitled to additional presentence credit at a rate specified under section 4019 because section 2933.1, which limits presentence conduct credits for violent felony convictions to 15 percent, does not apply to time spent in juvenile hall. We disagree.

Defendant's argument requires an analysis of three statutes: section 2900.5, subdivision (a), section 2933.1, and section 4019.

Defendant relies primarily on section 2900.5, subdivision (a), which states in pertinent part: "In all felony…convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail,

_____

[2] We dispense with the facts of defendant's crimes as they are unnecessary to resolve this appeal.

2

camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, *juvenile detention facility*, or similar residential institution, all days of custody of the defendant, *including days…credited to the period of confinement pursuant to Section 4019,* shall be credited upon his or her term of imprisonment…." (Italics added.)

Presentence conduct credits are governed by section 4019. At all relevant times, subdivision (a)(1) of section 4019 stated: "(a) The provisions of this section shall apply in all of the following cases: [¶] (1) When a prisoner is confined in or committed to *a county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp,* including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding." (Italics added.)

Section 2933.1 limits the conduct credits of persons convicted of violent felonies as defined in section 667.5, subdivision (c). (§ 2933.1, subd. (a).) Subdivision (c) of section 2933.1 states: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, *a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp*, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." (Italics added.)

Defendant argues "that under the proper rules of statutory construction, Penal Code sections 2900.5 and 4019 trump the limitations of Penal Code section 2933.1 as to time spent in a juvenile facility, and that thus appellant was entitled to 128 days of good-time/work-time for the period he spent in juvenile detention."[3]

---

[3] Defendant asserts he was entitled to conduct credits under the former subdivisions (f) and (h) of section 4019, which provided that for time spent in custody for crimes committed prior to October 11, 1011, a defendant was entitled to six days of credit for

3

Defendant's argument centers on what he sees as the plain meaning of section 2933.1. There is no mention of juvenile facilities in the custodial facilities listed in section 2933.1. Thus, according to defendant, the section 2933.1 limitation applies to custody in the listed facilities -- county jail, industrial farm, road camp, or a city jail -- but not to presentence custody in a juvenile facility.

By focusing us on the plain meaning of section 2933.1 and the inclusion of juvenile detention facilities in section 2900.5, subdivision (a), defendant would apparently have us gloss over the plain meaning of section 4019, the source of presentence conduct credits. As can be seen by the italicized language *ante*, section 4019 does not reference juvenile facilities. Like 2933.1, the express language of section 4019 applies only to presentence custody in "a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp." While section 2900.5, subdivision (a), provides that defendants shall be given credit for "all days of custody" in a "juvenile detention facility," "including days…credited to the period of time of confinement pursuant to section 4019," section 4019 does not credit time to custody in juvenile detention facilities. Thus, under the plain meaning of section 4019, a person confined in a juvenile facility before sentencing would not be entitled to *any* conduct credits. (§ 4019, subd. (a)(1); *In re Ricky H.* (1981) 30 Cal.3d 176, 186 ["the statutory language of Penal Code section 4019 is clear. It…does not by its terms apply to juveniles detained in juvenile hall. [Fn. omitted.]"].) However, a minor who is tried as an adult and sentenced to state prison for his offense is similarly situated to an adult sentenced to state prison and, thus, equal protection principles entitle such minors to conduct credits for presentence time spent detained in a juvenile facility. (*People v. Garcia* (1987) 195 Cal.App.3d 191, 197; *People v. Twine* (1982) 135 Cal.App.3d 59, 62-63.) As the *Twine*

every four days of actual custody. Thus, according to defendant, he should have been awarded 128 days conduct credit for the 259 days he was in custody in juvenile hall.

4

court observed, "if [defendant] could not earn conduct credits for his period of presentence detention in juvenile hall, he would wind up serving more total time in custody than a defendant sentenced to state prison who was not detained pretrial." (*Twine*, *supra*, 135 Cal.App.3d at p. 63.)  Thus, in order to satisfy equal protection principles, we conclude defendant is entitled to the same conduct credits as adults who are similarly situated.  But he is entitled to no more.  Here, defendant was convicted of a violent felony offense.  Adults who are convicted of violent felony offenses are entitled to conduct credit at a rate of 15 percent pursuant to section 2933.1, and so too is defendant.

## II.  Fees and Assessments

### A.  Procedural Background

The trial court imposed a $1,600 restitution fine, suspended a parole revocation fine of the same amount, and ordered "defendant to pay any other fines and fees connected with this."  The clerk's minutes and abstract of judgment show the restitution and stayed parole revocation fines, as well as a $160 surcharge on the restitution fine, an $80 court security fee (§ 1465.8), and a $60 conviction assessment (Gov. Code, § 70373).

### B.  Analysis

Defendant argues that the restitution fine administrative surcharge, court security fee, and conviction assessment were not orally imposed by the trial court and should be stricken from the minutes and abstract.  The Attorney General agrees as to the restitution fine administrative surcharge but not as to the court security fee and conviction assessment.  We agree with the Attorney General.

When there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 (*Zackery*).)  A court clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order

5

and/or the abstract of judgment.  (*Id.* at pp. 387-388.)  And when the clerk has done so, the Court of Appeal shall strike those fines or fees that were not imposed at sentencing but nonetheless appear in the abstract of judgment or minute order.  (*Id.* at p. 388.)

In *Zackery*, the trial clerk included in the minutes of a sentencing hearing a $200 restitution fine and an additional suspended parole revocation fine of $200, although the trial court had not orally imposed either fine.  (*Zackery*, *supra*, 147 Cal.App.4th at p. 388.)  Neither fine was mandatory; the restitution fine need not be imposed if the trial court found "compelling and extraordinary reasons for not doing so, and states those reasons on the record" (§ 1202.4, subd. (c)), and the parole revocation fine is contingent on the restitution fine.  (§ 1202.45.)  Since the trial court had discretion not to impose the fines, this court reasoned in *Zackery* that the restitution fine should "be pronounced orally in the presence of the defendant" to give the defendant an opportunity to object. (*Zackery*, *supra*, 147 Cal.App.4th at pp. 388-389.)

Under section 1202.4, subdivision (*l*):  "At its discretion, the board of supervisors of any county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."  The Attorney General concedes this fee is not mandatory.  Since nothing in the statute requires the trial court to impose the administrative surcharge, it was not mandatory and therefore subject to *Zackery*.  In addition, because the trial court had discretion to not impose the administrative surcharge, the prosecutor's failure to object forfeited any claim of error for failing to expressly impose it.  (*People v. Tillman* (2000) 22 Cal.4th 300, 303; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413, fn. 2.)  The restitution fine administrative surcharge must be stricken.

On the other hand, a failure to impose mandatory assessments is a jurisdictional error that can be raised for the first time on appeal and corrected.  (*People v. Stewart*

6

(2004) 117 Cal.App.4th 907, 911-912.) *Zackery* is inapplicable to mandatory fines, fees, or assessments, which can be imposed at any time following the conviction. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1372-1373.)

The Government Code section 70373 conviction assessment and the section 1465.8 court security fee are both mandatory.[4] Defendant insists he had the right to be present when these financial obligations were imposed and since the trial court did not impose them in his presence, they must be stricken. Defendant is wrong, and had the assessment and fee not been set forth in the abstract, we could correct the error without remanding for further proceedings in the presence of defendant. (*People v. Smith* (2001) 24 Cal.4th 849, 854 [Court of Appeal may impose mandatory probation restitution fine not imposed by the trial court]; *People v. Turner*, *supra*, 96 Cal.App.4th at pp. 1413-1414, 1416-1417 [trial court's failure to impose mandatory drug laboratory fee and associated penalty assessments was an unauthorized sentence and appellate court is empowered to order defendant to pay].) Since the Government Code section 70373 conviction assessment and the section 1465.8 court security fee are in the abstract, we need not make any further orders concerning these financial obligations.

---

[4] Government Code section 70373, subdivision (a)(1), states in pertinent part: "an assessment *shall be imposed* on every conviction for a criminal offense[.]" (Italics added.)

Section 1465.8 states in pertinent part: "an assessment of forty dollars ($40) *shall be imposed* on every conviction for a criminal offense[.]" (Italics added.)

7

## DISPOSITION

The judgment is modified to strike the $160 surcharge on the restitution fine (§ 1202.4, subd. (*l*)).  As modified, the judgment is affirmed.  The trial court is directed to prepare a new abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


       MURRAY       , J.


We concur:


       BUTZ       , Acting P. J.


       DUARTE       , J.